# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Cleveland Yarrow Cook, | ) | No. CV 11-2410-PHX-DGC (MEA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| State of Arizona, et al., | ) | |
| Defendants. | ) | |

On December 7, 2011, Plaintiff Cleveland Yarrow Cook, who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a December 19, 2011 Order, the Court denied the Application to Proceed with leave to re-file. On January 9, 2012, Plaintiff filed a new Application to Proceed and a First Amended Complaint (Doc. 8). The Court will order Defendants Hawthorne, Nygren, Ellis, Perry, Lopez, and Kindle to answer the First Amended Complaint and will dismiss the remaining Defendants without prejudice.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $33.14. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount

1 in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

### III. First Amended Complaint

In his one-count First Amended Complaint, Plaintiff sues the following Defendants: State of Arizona, Arizona Department of Corrections Director Charles L. Ryan, Sergeant Hawthorne, Sergeant Lopez, Criminal Investigator Elizabeth Ellis, Sergeant Kindle, C.O. III Nygren, and C.O. II Perry.

Plaintiff raises one claim for relief in which he alleges that his Seventh, Eighth, and Fourteenth Amendment rights were violated when he was forced to be housed in a yard where other inmates were attempting to kill him. Plaintiff states that he informed Defendants Hawthorne, Nygren, Ellis, Perry, Lopez, and Kindle of his security and safety concerns, but that each Defendant acted with deliberate indifference to his safety and forced him to be housed in the yard. Plaintiff states that he fears for his safety and suffers mental breakdowns and PTSD. Plaintiff seeks injunctive relief and money damages.

### IV. Failure to State a Claim

#### A. Defendant State of Arizona

Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983. Likewise 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983." Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted). Therefore, the Court will dismiss Defendant State of Arizona.

#### B. Defendant Ryan

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and a defendant's position

as the supervisor of persons who allegedly violated Plaintiff's constitutional rights therefore does not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

Plaintiff has not alleged that Defendant Ryan personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. The Court will therefore dismiss without prejudice Defendant Ryan.

## V. Claims for Which an Answer Will be Required

Plaintiff has not explained how his claims arise under the Seventh or Fourteenth Amendments. The Court will therefore treat Plaintiff's allegations as an Eighth Amendment claim. Liberally construed, Plaintiff has adequately stated an Eighth Amendment failure-to-protect claim against Defendants Hawthorne, Nygren, Ellis, Perry, Lopez, and Kindle, and the Court will require these Defendants to answer the First Amended Complaint.

## VI. Motions

### A. Motions for Leave to Proceed without Administrative Remedies and for Temporary Restraining Order

On December 7, 2011, and January 9, 2012, Plaintiff filed Motions requesting that he be allowed to proceed without exhausting administrative remedies and that the Court issue a temporary restraining order requiring that Plaintiff be housed in federal custody for the duration of this action.

Exhaustion is an affirmative defense. Brown v. Valoff, 422 F.3d 926, 936 (9th Cir. Sept. 6, 2005) (citing Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.)). Defendants have the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. Accordingly, while Plaintiff's case will be allowed to proceed at this point in time, the Court will not decide the issue of exhaustion of administrative remedies unless Defendants raise it as an affirmative defense.

With respect to Plaintiff's request for a temporary restraining order, temporary restraining orders are governed by Rule 65(b) of the Federal Rules of Civil Procedure. The mailing certificate on Plaintiff's motion for a temporary restraining order does not indicate that the motion was served on Defendants. As a result, Plaintiff appears to seek a temporary restraining order without notice under Rule 65(b) of the Federal Rules of Civil Procedure. The Court may *not* grant a temporary restraining order without notice unless the applicant certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons that notice should not be required. Fed. R. Civ.P. 65(b). Plaintiff has not satisfied this requirement. No reason has been offered by Plaintiff to forgo notice to the adverse party.

Accordingly, Plaintiff's Motions to Proceed without Administrative Remedies and for a Temporary Restraining Order will be denied.

### B. Motion for Appointment of Counsel

There is no constitutional right to the appointment of counsel in a civil case. See Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved. Id. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many *pro se* prisoner litigants. Thus, the Court will deny without prejudice Plaintiff's Motion for Appointment of Counsel.

1     **C.    Motion for Status**

On January 27, 2012, Plaintiff filed a letter to the Clerk of Court inquiring whether the Court had received his new Application to Proceed. Plaintiff should note that it is improper for a party to communicate directly with court personnel. Simply mailing a letter to the Clerk of Court, the judge, or any court personnel is unacceptable. Any request for action by the Court must be in the form of a motion that complies with the Rules of Practice of the United States District Court for the District of Arizona (the Local Rules). Any future letters directed to the Clerk of Court, the judge, or any court personnel will not be filed, will be stricken from the record, and will be returned to Plaintiff. The Court will construe Plaintiff's letter as a Motion for Status and will grant it to the extent that this Order informs Plaintiff that the Court has received his completed Application to Proceed.

**VII.   Warnings**

    **A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 6) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $33.14.

(3) Plaintiff's December 7, 2011 and January 9, 2012 Motions to Proceed without Administrative Remedies and for Temporary Restraining Order (Docs. 3 and 9) are **denied**.

(4) Plaintiff's January 9, 2012 Motion for Appointment of Counsel (Doc. 10) is **denied**.

(5) Plaintiff's Motion for Status of Application to Proceed *In Forma Pauperis* (Doc. 12) is **granted** to the extent this Order informs Plaintiff of the status of his Application to Proceed.

(6) Defendants State of Arizona and Ryan are **dismissed** without prejudice.

(7) Defendants Hawthorne, Nygren, Ellis, Perry, Lopez, and Kindle must answer the First Amended Complaint.

(8) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 8), this Order, and both summons and request for waiver forms for Defendants Hawthorne, Nygren, Ellis, Perry, Lopez, and Kindle.

(9) Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

(10) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(11) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(12) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(13) **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(14) Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(15) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(16) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 27th day of February, 2012.

_____
David G. Campbell
United States District Judge