IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cleveland Yarrow Cook,<br><br>      Plaintiff,<br><br>      vs.<br><br>Sergeant Hawthorne, et al.,<br><br>      Defendants. | CIV 11-02410 PHX DGC MEA<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE DAVID G. CAMPBELL:**

      Plaintiff filed his complaint on December 7, 2011. On February 27, 2012, Plaintiff was granted leave to proceed *in forma pauperis* and the Court ordered Plaintiff to complete and return a service packet for Defendants Hawthorne, Nygren, Ellis, Perry, Lopez, and Kindle to the Court by March 19, 2012. That order warned Plaintiff that his failure to timely comply with the provisions of the order would result in the dismissal of the complaint.

      Plaintiff was warned that his failure to acquire a waiver of service from Defendants or to complete service of process on Defendants within 60 days of the date the service order was filed, by April 26, 2012, would result in the dismissal of the complaint pursuant to Rule 4(m), Federal Rules of Civil Procedure, and Rule 16.2(b)(2)(B), of the United States District Court for the District of Arizona Local Rules of Civil

Procedure. The civil docket in this matter indicates that Plaintiff has failed to return service packets to the Court, or to acquire a waiver of service from Defendants or to complete service of process on Defendants.

On April 30, 2012, the Court allowed Plaintiff until May 18, 2012, to show cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's order of February 27, 2012, and Plaintiff's failure to effect service of process on Defendants as required by the Court's order and Rule 4, Federal Rules of Civil Procedure. Plaintiff has failed to show cause for his failure to abide by the Court's orders and to effect service of process on Defendants.

Rule 3.4, Local Rules of Civil Procedure for the United States District Court for the District of Arizona requires prisoner-litigants to comply with instructions attached to the Court-approved complaint form for use in section 1983 actions. Those instructions provide: "You must immediately notify the clerk ... in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case."

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure

appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. Id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The

-3-

Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE RECOMMENDED** that, pursuant to Rule 41(b), Federal Rules of Civil Procedure, this action be dismissed without prejudice for Plaintiff's failure to serve the Defendants in this matter and for Plaintiff's failure to comply with the Court's orders.

DATED this 29th day of May, 2012.

_____
Mark E. Aspey
United States Magistrate Judge